UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH A. GILLIAM,

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

Case No. 18-cv-12793

Paul D. Borman
United States District Judge

Patricia T. Morris
United States Magistrate Judge

# OPINION AND ORDER:
## (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF #14);
## (2) ADOPTING THE REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE PATRICIA T. MORRIS (ECF #13);
## (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF #10); and
## (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF #11)

On July 10, 2019, Magistrate Judge Patricia T. Morris issued a Report and Recommendation (ECF #13) addressing the outstanding motions in this action. In the Report and Recommendation, the Magistrate Judge recommended that this Court deny Plaintiff Deborah A. Gilliam's January 15, 2019 Motion for Summary Judgment (ECF #10), grant Defendant Commissioner of Social Security's January 24, 2019 Motion for Summary Judgment (ECF #11), and affirm Defendant's final decision denying Plaintiff's claim for benefits.

Now before the Court are Plaintiff's Objections to the Report and

Recommendation. (ECF #14, Pl.'s Obj., July 24, 2019.) Defendant filed a Response to Plaintiff's Objections on August 1, 2019. (ECF #15.) Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court will reject Plaintiff's Objections and adopt the Magistrate Judge's Report and Recommendation.

## I. BACKGROUND

The findings of the Administrative Law Judge ("ALJ") and the pertinent portions of the Administrative Record are accurately and adequately cited to in the Report and Recommendation. There are no material inconsistencies with these accounts and the Court incorporates those factual recitations here. (ECF #13, Report and Recommendation, PgID 1600.) The following summary contains only the facts essential to the Court's evaluation of Plaintiff's objections.

Plaintiff applied for Disabled Widow(er)'s Benefits ("DWB") on September 24, 2014. (ECF #7-2, ALJ Decision, PgID 40.) On April 18, 2017 Plaintiff appeared for and testified at a hearing before Administrative Law Judge ("ALJ") Paul W. Jones. (*Id.*) On June 1, 2017, the ALJ issued an unfavorable decision on Plaintiff's claims. (*Id.* at PgID 37.)

The ALJ found that Plaintiff had the following severe impairments: "left ankle

fracture status post ORIF; depression; anxiety; posttraumatic stress disorder (PTSD); osteoarthritis; and substance abuse." (*Id.* at PgID 42.) Nevertheless, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R Part 404, Subpart P, Appendix 1. (*Id.* at PgID 43.) The ALJ determined that Plaintiff had the Residual Functional Capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), but with the following additional limitations: "she needs a sit/stand option at will; can frequently push/pull with her left leg; occasionally climb, stoop, kneel, crouch, and crawl; frequently balance; in simple, routine, repetitive work; with occasional public interaction." (*Id.* at PgID 44-45.)

On the basis of this determination, the ALJ posed a hypothetical to the Vocational Expert ("VE"), who testified that a person with Plaintiff's RFC, considering her additional limitations listed above, could perform a significant number of jobs in the national economy. (*Id.* at PgID 47.) Accordingly, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since the alleged onset date. (*Id.*)

Plaintiff requested review of the ALJ's decision by the Appeals Council, which was denied on July 13, 2018. (*Id.* at PgID 26.) On September 7, 2018, Plaintiff commenced this action for judicial review. (ECF #1.)

The Parties filed cross motions for summary judgment (ECF #10, Pl.'s Mot., Jan. 15, 2019; ECF #11, Def.'s Mot., Jan. 24, 2019.) Plaintiff filed a Response (styled "Reply") to Defendant's Motion. (ECF #12, Feb. 6, 2019.)

In the Report and Recommendation on the cross motions (ECF #13), the Magistrate Judge recommended that the Court deny Plaintiff's Motion for Summary Judgment, and grant Defendant's Motion for Summary Judgment. Although the Magistrate Judge comprehensively addressed the two issues raised by the Parties, Plaintiff raised two objections: (1) the Magistrate Judge did not correct the ALJ's failure to reconcile his RFC finding with the opinion of Dr. R. Scott Lazzara; and (2) the Magistrate Judge's conclusion was incorrect that the ALJ's statement regarding Plaintiff's work history was "harmless error". (ECF #14.) Plaintiff's two objections mirror the two arguments in her Motion for Summary Judgment and in her "Reply" to Defendant's Motion.

## II. STANDARDS OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objections" in a timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A district court "may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge." *Id.* Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks omitted). A general objection, or one that merely restates arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's determination "without explaining the source of the error" is not a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and made pursuant to proper legal standards. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing 42 U.S.C. § 405(h)); *see also Cutlip v. Sec't of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)); *see also McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (recognizing that

substantial evidence is "more than a scintilla of evidence but less than a preponderance") (internal quotation marks omitted). "If the Commissioner's decision is supported by substantial evidence, [the court] must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).

As to whether proper legal criteria were followed, a decision of the SSA supported by substantial evidence will not be upheld "where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

This Court does not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip*, 25 F.3d at 286. "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247; *see also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (noting that the "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since

6

the ALJ is charged with observing the claimant's demeanor and credibility'") (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)).

### III. ANALYSIS

**A. Objection One**

Plaintiff's first objection states: "The ALJ failed to reconcile his RFC finding with the opinion of examining physician Dr. R. Scott Lazzara, whose opinion he afforded great weight. The difference between the ALJ's finding and Dr. Lazzara's was not insignificant, and the Magistrate's report does not correct this error." (ECF #14, Pl.'s Objs., PgID 1636.) Plaintiff made an identical argument in her Motion for Summary Judgment, stating that: "The ALJ afforded the opinion of Dr. Lazzara great weight, without addressing that Dr. Lazzara's opinion is inconsistent with the RFC finding for light work,[1] as Dr. Lazzara found that [Plaintiff] could not perform the

---

[1] 20 C.F.R. § 404.1567 provides the following definition of "light work:"

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors

7

carrying, pushing or pulling requirements for a full range of light work." (ECF #10, Pl.'s Mot., PgID 1570.)

The crux of this contention is that Dr. Lazzara's Neurological and Orthopedic Supplemental Report has a handwritten comment under the "Current Abilities" section noting Plaintiff's ability to "carry," where Dr. Lazzara hand-wrote "< 20." (ECF #7-7, PgID 361.) Dr. Lazzara indicated that Plaintiff had the same ability with regards to pushing and pulling. (*Id.*) The Parties do not contest whether Plaintiff can lift 20 pounds or up to 20 pounds only. The Magistrate Judge provided a thorough analysis of the facts and cases cited by Plaintiff and Defendant, which are the same cases cited by Plaintiff in her objections, and cases throughout this jurisdiction and the country on the matter of the weight difference between 19.99 and 20 pounds.[2] The Magistrate Judge found that "light work" RFC was consistent with Dr. Lazzara's report and the remainder of the record. Notably, Dr. Lazzara's report contains Plaintiff's admission that "she can lift 20 pounds" in the section entitled "History of Present Illness."

---

such as loss of fine dexterity or inability to sit for long periods of time.

[2] The Seventh Circuit has concluded that arguments such as Plaintiff's "border on the frivolous." *Coleman v. Astrue*, 269 F. App'x 596, 601 (7th Cir. 2008) (plaintiff "contend[ed] that the ALJ's RFC should have limited [him] to lifting 'less than' ten pounds rather than lifting 'up to' ten pounds").

Plaintiff raised this "< 20" issue in her Motion for Summary Judgment. She presents no new arguments in Objection One, other than attempting to distinguish a case cited in the Report and Recommendation, *Estrada v. Berryhill*, No. 17-CV-00868-KAW, 2018 WL 534302, at *7 (N.D. Cal. Jan. 24, 2018)

In *Estrada*, the court found fault with the ALJ's failure to explain why he rejected the express opinion of an examining physician that the plaintiff "should be limited to lifting less than 10 pounds at all times." *Id.* The ALJ rejected that opinion without an explanation and determined that Plaintiff could lift 10 pounds. *Id.* Here, the ALJ did not "reject" Dr. Lazzara's opinion. Rather, the ALJ found that Plaintiff could perform "light work" with specific limitations, and those limitations did not include a cap on the amount she could lift that was different from the limit included in the definition of light work. As noted above, Plaintiff herself stated that she could lift twenty pounds. A *de novo* review, although not required when an objection merely restates arguments previously presented, reveals that a second examining physician, Dr. Dale Blum, also concluded that Plaintiff could lift, carry and/or pull (upwards) twenty pounds during his assessment of her residual functional capacity. (ECF #7-3, PgID 114.)

The Court finds that the ALJ's conclusion that Plaintiff could perform light work, including lifting up to and including twenty pounds, is supported by substantial evidence. Accordingly, the first objection is overruled.

**B. Objection Two**

Plaintiff's second objection was also previously raised in her Motion for Summary Judgment and in her Reply to Defendant's Motion. She argues that the ALJ improperly considered her credibility in violation of Social Security Ruling 16-3p, allegedly evidenced by the statement in his decision that "Plaintiff has a very poor work history, which greatly diminishes her credibility." (ECF #10, Pl.'s Mot., PgID 1575; ECF #14, Pl.'s Obj., PgID 1638-39.)

As stated above, an objection that "merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Id.* The Magistrate Judge thoroughly addressed Objection Two in the Report and Recommendation.

The ALJ's decision postdates SSR 16-3p, which eliminated use of the term "credibility" from official policy and clarified that a "subjective symptom evaluation

is not an examination of an individual's character." SSR 16-3p, 2016 WL 1119029, at *1. *See also Rhineholt v. Comm'r of Soc. Sec.*, No. 2:17-CV-369, 2017 WL 5712564, at *8 (S.D. Ohio No. 28, 2017), *adopted*, 2018 WL 494523 (S.D. Ohio Jan. 22, 2018) (noting that under SSR 16-3p, "an ALJ must focus on the consistency of an individual's statements about the intensity, persistence and limiting effects of symptoms, rather than credibility.").

Despite the linguistic clarification, courts continue to rely on pre-SSR 16-3p authority providing that the ALJ's credibility determinations are given great weight. *See, e.g., Kilburn v. Comm'r of Soc. Sec.*, No. 1:17-CV-603, 2018 WL 4693951, at *7 (S.D. Ohio Sept. 29, 2018); *Duty v. Comm'r of Soc. Sec.*, No. 2:17-CV-445, 2018 WL 4442595, at *6 (S.D. Ohio Sept. 18, 2018). Thus, an ALJ's subjective symptom evaluation should not be disturbed "absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). At the same time, "such determinations must find support in the record." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

An ALJ must perform a two-step analysis of a claimant's subjective symptoms, which are defined as the claimant's "own description of [his or her] physical or mental impairment," 20 C.F.R. § 404.1502(i). SSR 16-3p interprets 20 C.F.R. § 404.1529, and that regulation includes "prior work record" among "other

11

evidence" that the ALJ may be consider during this analysis. 20 C.F.R. § 404.1529(c)(3). The Magistrate Judge discussed at great length the relevance of a claimant's work history to an ALJ's analysis of a claimant's subjective symptoms. (ECF #13, Report and Recommendation, PgID1624-26.) As the Magistrate Judge noted, the ALJ in this case performed the requisite two-step analysis, where he considered Plaintiff's work history among the evidence in the record to determine if Plaintiff's subjective symptoms limited her ability to do work-related activities. (ECF #13, Report and Recommendation, PgID 1626; ECF #7-2, ALJ Decision, PgID 45.) The ALJ indeed relied on medical evidence in the record, and Plaintiff's testimony about her daily activities that conflicted with multiple medical reports. (*Id.* at PgID 45-46; 20 C.F.R. § 404.1529(c)(3)(i).) The ALJ also noted that Plaintiff contradicted her own testimony about her abilities: "At the hearing, claimant suggested she would need a sit/stand option for work but then denied any ability to do that work." (ECF #7-2, ALJ Decision, PgID 46; Pl.'s Hr'g Test., PgID 69.) The ALJ found that "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record…." (ECF #7-2, ALJ Decision, PgID 45.) The Magistrate Judge's Report and Recommendation did not leave Plaintiff's arguments unaddressed, and Plaintiff raised no new arguments in Objection Two.

12

The Court notes Plaintiff's objection to the Magistrate Judge's finding that the ALJ's statement regarding credibility amounted to harmless error. (Pl.'s Objs., PgID 1641.) However, the Court does not agree with the Magistrate Judge's statement that she "must assume the ALJ erred" in his analysis. (ECF #13, Report and Recommendation, PgID 1626.) The Magistrate Judge contradictorily found that the "ALJ's use of prior work history was proper; the error was in the supposed implication that [Plaintiff] was lazy." (*Id.*) That "implication" was raised by Plaintiff after the ALJ rendered his decision. (ECF #10, Pl.'s Mot. Summ. J., PgID 1577.) But, there is nothing within the ALJ's decision supporting such an implication, or supporting the conclusion that the ALJ improperly considered whether Plaintiff's subjective symptoms were consistent with the evidence in the record. Thus, Plaintiff's speculation about an otherwise compliant analysis does not support disturbing the ALJ's findings.

Therefore, Objection Two is overruled.

### IV. Conclusion

For all of the reasons stated above, the Court hereby:

- OVERRULES Plaintiff's Objections (ECF #14);
- ADOPTS the Report and Recommendation of Magistrate Judge Patricia T. Morris (ECF #13);

- DENIES Plaintiff's Motion for Summary Judgment (ECF #10);

- GRANTS Defendant's Motion for Summary Judgment (ECF #11); and

- AFFIRMS the final decision of Defendant Commissioner of Social Security.

IT IS SO ORDERED.

s/Paul D. Borman
Paul D. Borman
United States District Judge

Dated: August 28, 2019